**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**FELTON SINGLETON**                                                                                    **PETITIONER**

**VS.**                                        **CASE NO.: 5:14CV00194 DPM/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                            **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.        **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Judge D.P. Marshall Jr.  Mr. Singleton – or any party – may

file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.   **Background**

On July 15, 2009, a Little Rock Police Department Special Weapons and Tactics

("SWAT") team executed a warrant at 4305 Maryland Street, Little Rock, Arkansas.[1]

The SWAT team entered the house and detonated a "flash bang" stun grenade.  The

officers found Petitioner Felton Singleton lying on the bathroom floor of the residence.

Mr. Singleton had several bags of marijuana underneath him, and there were several other

bags of drugs in the toilet.  Two other individuals fled the residence, but were

apprehended.

When questioned by the arresting officer, Mr. Singleton listed his address as 4305

Maryland Street.  He also listed his address as 4305 Maryland on his bond papers.  Mr.

Singleton's wife, however, testified that Mr. Singleton did not live at 4305 Maryland.

She stated that Mr. Singleton merely spent time there because his son, Felton Duncan,

allowed Mr. Singleton to use drugs there for free.  (Docket entry #8, Ex. 2, pp. 282-288)[2]

---

[1] Unless noted otherwise, the description of events is taken from the opinion
denying Mr. Singleton's direct appeal.  *Singleton v. State*, 2011 Ark.App. 145, 381
S.W.3d 874.

[2] Respondent Hobbs filed Exhibit 2 conventionally.  (#9)  Respondent Hobbs
attached the other Exhibits to his electronic filing, so the Court refers to those Exhibits by
using the CM/ECF pagination.

Mr. Singleton also testified that he did not live at 4305 Maryland, but that he frequented

the residence to use drugs.  He also said that he used 4305 Maryland as his address on

bond paperwork so his bondsman could not find him. (#8, Ex. 2, pp. 288-300)  Some

papers in the house indicated that Felton Duncan, Mr. Singleton's son, lived at 4305

Maryland.

On May 20, 2010, a jury in Pulaski County Circuit Court found Mr. Singleton

guilty of several drug crimes related to his arrest at 4305 Maryland.  (Docket entry #8-2)

As a result of the conviction, Mr. Singleton received a 40-year sentence of imprisonment

in the Arkansas Department of Correction.  (#8-2, p. 5)  Mr. Singleton appealed, but the

Arkansas Court of Appeals affirmed the conviction and sentence.  *Singleton v. State*, 2011

Ark.App. 145, 381 S.W.3d 874.

On April 14, 2011, Mr. Singleton filed a timely petition for postconviction relief in

the trial court under Arkansas Rule of Criminal Procedure 37.  (#8-6)  The trial court

denied Mr. Singleton's Rule 37 petition without a hearing.  (#1, p. 2; #8-7) He appealed,

but the Arkansas Supreme Court affirmed the trial court's denial of the Rule 37 petition.

*Singleton v. State*, 2013 Ark. 348 (2011)(per curiam).

On May 19, 2014, Mr. Singleton filed the pending petition for writ of habeas

corpus.  (#1)  In the petition, he alleges several constitutional deficiencies at his trial, but

primarily, he claims ineffective assistance of trial counsel.  Respondent, ADC Director

Ray Hobbs, contends that the claims in the petition are meritless.  (#8)  For the reasons

explained below, the Court will recommend that Judge Marshall DISMISS Mr. Singleton's petition, with prejudice.

## III.   Discussion

   A.   *Standard of Review*

Federal courts are limited in reviewing claims adjudicated in state courts.  "When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is contrary to federal law only where the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is an unreasonable application of federal law only "if the state court identifies the correct governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Williams*, 529 U.S. at 413.  It is not enough that a federal court might have applied federal

4

law in a manner differently from the state court.  Rather, the state court's application of federal law must have been objectively unreasonable.  *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

Furthermore, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error.  Those findings may be set aside only if they are not fairly supported by the record.  *Nicklasson v. Roper*, 491 F.3d 830, 841 (8th Cir. 2007) (quoting *Purkett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995)).

B.      *Claims*

Mr. Singleton raises three claims for habeas relief: (1) counsel failed to subpoena a witness who executed an affidavit taking responsibility for the drugs at issue in his case, (2) counsel failed to challenge an illegal search, and (3) the prosecutor and police tampered with evidence.  (#1, pp. 3-4)  While these claims merit discussion, they do not provide a basis for granting federal habeas relief.

1.      *Ineffective Assistance of Counsel*

The Sixth Amendment guarantees criminal defendants effective assistance of counsel at every stage of a criminal trial.  The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial."  *Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S. Ct. 838, 842 (1993)(quoting *Strickland v. Washington*, 466 U.S. 668, 684 (1984)).  "[T]he right to the effective assistance of counsel is recognized not for its

own sake, but because of the effect it has on the ability of the accused to receive a fair trial." *Id.* (quoting *U.S. v. Cronic*, 466 U.S. 648, 658 (1984)).

A criminal defendant's right to the effective assistance of counsel "is denied when defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland,* 466 U.S. at 687). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006).

Two of Mr. Singleton's three claims concern ineffective assistance of counsel.  To succeed on these claims, Mr. Singleton must show both that his lawyer's performance was deficient, and that he was prejudiced by the deficient performance.

a.    Failure to Call Witness

Mr. Singleton claims that his trial counsel provided ineffective assistance by failing to call Freddie Dorn as a witness.  (#1)  At first glance, some circumstances and evidence presented at the trial lend some weight to this ground for relief.

Mr. Dorn did execute an affidavit before trial, claiming ownership of the drugs that were found during the execution of the warrant at 4305 Maryland Street.  (#1, p. 17) According to the trial transcript, Mr. Singleton's trial counsel considered calling Mr.

6

Dorn as a witness, but for unexplained reasons, decided not to put him on the stand.[3]  (#8, Ex. 2, p. 64)

The State's only proof that Mr. Singleton resided at 4305 Maryland Street came into evidence through two sources:  the address on Mr. Singleton's bond papers and the address Mr. Singleton gave the lead detective.  No other evidence, besides Mr. Singleton's presence at the time the warrant was executed, connected Mr. Singleton to 4305 Maryland.

There is no question about the address Mr. Singleton gave on his bond papers, but there was some confusion with the lead detective's testimony.  He first testified that Mr. Singleton gave his address as *4205* Maryland, which, if true, would have placed Mr. Singleton's address a block down from the house where the drugs were found.  (#8, Ex. 2, p. 224)  The lead detective eventually came up with the correct address, however, in later testimony.  (#8, Ex. 2, p. 231)

The trial court cited a conflict between Mr. Dorn's affidavit and Mr. Singleton's testimony in denying Mr. Singleton's Rule 37 petition (#8, Ex 7, p. 3), but a close examination reveals that there was no explicit conflict.  Mr. Singleton testified that Mr. Dorn was not at 4305 Maryland when the search took place.  (#8, Ex. 2, pp. 290, 296)

---

[3] One problem with Mr. Dorn's affidavit, as the trial court noted, was that Mr. Dorn listed his address as *4303* Maryland, not *4305* Maryland, where the drugs were found.  Was this a typographical error?  Was 4303 Maryland ever searched?  Is there a residence with the address 4303 Maryland?  Did the trial court believe Mr. Dorn's affidavit constituted a confession of possessing drugs at a separate residence?  There was no hearing on the Rule 37 petition, so these questions were not addressed.

According to the record, Mr. Dorn was not arrested in the house, but rather after fleeing the residence; so it is possible that he was not at the residence when officers searched the house.  Furthermore, Mr. Dorn's affidavit did not state where he was at the time of the search, but rather, it concerned only ownership of the discovered drugs.  Because there was no evidentiary hearing during Mr. Singleton's postconviction proceedings, there was no opportunity to clarify the perceived contradiction.

On the other hand, the trial court gave reasons for denying the Rule 37 petition that fully support the decision to deny relief.  First, the trial court properly found Mr. Singleton's technical ownership of the drugs to be irrelevant.  (#8-7, p. 3)  Mr. Singleton was found guilty of possession with intent to deliver.  As the trial court correctly noted, the State did not have to prove that Mr. Singleton owned the drugs in order to convict him of that crime.  Under the relevant statute, the State had to prove only that Mr. Singleton possessed drugs, with the intent to distribute.  ARK. CODE ANN. § 5-64-401.  Here, Mr. Singleton freely admitted to possessing the drugs in question.  (#8, Ex. 2, p. 298)  Thus, he cannot show prejudice stemming from the lack of testimony as to who owned the drugs.

Second, as the trial court noted, Mr. Singleton was convicted as either the principal or as an accomplice.  The jury received an accomplice instruction without objection.  (#8, Ex. 2, pp. 317-318)  Mr. Singleton does not challenge the contention that he was correctly charged with, and convicted of, being an accomplice.  Thus, the trial court correctly found that ownership of the drugs was irrelevant.  See *Cook v. State*, 2002, 86 S.W.3d 916, 350

8

Ark. 398 (holding no distinction between criminal liability of an accomplice and the person who actually commits the offense); and ARK. CODE ANN. § 5-2-402(2).

Third, case law makes it clear that a lawyer's decision not to call a witness is a virtually unassailable trial-strategy decision. *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005)(citations omitted). Under all the circumstances, counsel's unexplained failure to call Mr. Dorn as a witness cannot support federal habeas corpus relief. The fact that Mr. Singleton only had to possess the drugs, and admitted doing so, forecloses a finding of prejudice. Further, Mr. Singleton's actions were sufficient for the jury to find he was an accomplice, regardless of who actually owned the drugs and regardless of who lived at 4305 Maryland Street. Because Mr. Singleton cannot show prejudice, he cannot prevail on this point in his ineffective-assistance claim.

b.      Failure to Challenge Search

Mr. Singleton next claims that his attorney provided ineffective assistance by failing to challenge the search of the house at 4305 Maryland. (#1, pp. 3-4) His lawyer filed a motion to suppress evidence from the search, but withdrew the motion before trial. During trial testimony, counsel moved to suppress evidence found during the search, but withdrew the objection after a discussion with the court and opposing counsel. (#8, Ex. 2, pp. 204-206)

The trial court found that counsel's decision not to challenge the warrant at trial was a matter of strategy. (#8-7, p. 4) While this is certainly true, the issue here is counsel's failure to challenge the search *before* trial. Even so, considering Mr.

Singleton's defense, and the testimony presented on his behalf, the decision to withdraw the motion to suppress was clearly a matter of strategy.

As Mr. Singleton must concede, his entire defense rested on the theory that he did not live at 4305 Maryland Street, but rather spent time there to use free drugs. Mr. Singleton testified at trial to this effect (#8, Ex. 2, pp. 288-300), and his wife gave similar testimony. (#8, Ex. 2, pp. 282-288)   He insisted that he did not own anything in that house, including the drugs. He testified that he did not have a key to the house or permission to be there alone. He further testified that he did not receive mail or keep any personal belongings at that address.

This stance was entirely rational given that, in addition to the drug-distribution charges, Mr. Singleton also faced a charge of maintaining a drug premises. (#8-2, p. 4) As sometimes happens in lawsuits, Mr. Singleton had to choose his poison. On the one hand, if he maintained that 4305 Maryland was *not* his residence, he lacked standing to challenge the search. See *United States v. Wiley*, 847 F.2d 480, 481 (8th Cir. 1988)(defendant lacked standing to challenge the search of girlfriend's home because he did not have a key or permission to enter the home in the absence of the girlfriend; did not receive mail or keep belongings there; and did not claim ownership of the drugs seized during the search). On the other hand, if he said that it *was* his residence, he faced the specter of bolstering the drug-premises charge and establishing that the drugs were likely his. This is a classic example of a trial-strategy decision. Accordingly, counsel's

decision to withdraw the motion to suppress falls far short of demonstrating ineffective assistance of trial counsel.

2. Tampering with Evidence

Mr. Singleton claims that either the police or the prosecutor tampered with evidence.  Specifically, he claims that someone "planted" approximately a gram of cocaine to increase the total weight of cocaine reported by the crime laboratory. (#1, p. 3) Respondent argues that Mr. Singleton defaulted this claim.  (#8, pp. 8-10)  This Court can address the merits of a claim, however, even if a petitioner fails to properly exhaust the claims in the State courts.  28 U.S.C. § 2254(b)(2).  A brief discussion of the merits of this claim is appropriate here.

Mr. Singleton insists that there is a discrepancy of approximately one gram between the weight of cocaine reported at the time his was arrested (1.2 grams) and the weight reported by the crime laboratory (2.29 grams). (#1, pp. 14-16)  This discrepancy did not come up during the trial. (#8, Ex. 2)  That difference is the basis for Mr. Singleton's assertion that evidence was planted.

The one-gram discrepancy is immaterial.  The additional gram of cocaine reported by the crime lab, as compared to the amount of cocaine reportedly seized from Mr. Singleton at the house, did not alter the charge or potential range of punishment that Mr. Singleton faced.  See ARK. CODE ANN. § 5-64-401(a)(1)(A)(I).  Even the lesser amount was sufficient to trigger a rebuttable presumption that there was an intent to deliver.  See ARK. CODE ANN. § 5-64-401(d)(3)(A)(I).  Mr. Singleton does not dispute that the SWAT

team found at least 1.2 grams of cocaine during the search, so the discrepancy in the weight of cocaine seized had no discernable effect on Mr. Singleton's conviction or sentence.

## IV.     Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Singleton has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Mr. Singleton has not provided a basis for issuing a certificate of appealability.

## V.     Conclusion

The Court recommends that Felton Singleton's petition for writ of habeas corpus be dismissed, with prejudice.  The Court further recommends that no certificate of appealability be issued.

DATED this 2nd day of September, 2014.


_____
UNITED STATES MAGISTRATE JUDGE